OPINION
{¶ 1} Defendant-appellant Patrick Lashon Howell appeals his sentence from the Stark County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On February 20, 2001, appellant entered a plea of guilty to one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fourth degree, as charged in a Bill of Information. As memoralized in a Judgment Entry filed on February 22, 2001, the trial court stayed the criminal proceedings in this matter and ordered appellant to successfully complete the Stark County Court of Common Pleas Chance Program.
{¶ 3} After appellant was terminated from such program, appellant appeared before the trial court for sentencing on October 29, 2001. At the sentencing hearing, the trial court placed appellant on two years of community control and ordered that appellant "go to Quest House as soon as a bed is available. You will complete that program successfully." Transcript of October 29, 2001, hearing at 4. The trial court stated as follows on the record in placing appellant on community control:
 {¶ 4} THE COURT: So we are here for sentencing. Mr. Howell, I am telling you I'm going to order a post-sentence investigation so that probation can take control of you. You were on your way to prison, I will tell you that. A couple of people stepped in and gave me a pinch and it made me change my mind.
 {¶ 5} So I will give you a break. This is your second break. Whether you use it or not, we'll know soon. Because if you come back in front of me, you are not going to get out. Do you understand that? So when you go to the Quest House, you thank the friends who stepped in on your behalf and stopped you from taking a ride today. Do you understand that?
{¶ 6} Transcript of October 29, 2001, hearing at 3-4.
{¶ 7} Appellant appeared before the trial court again on November 1, 2001, after the trial court learned that representatives from Quest Recovery, who had stepped in on appellant's behalf at the sentencing hearing, had misinformed the court. The trial court, as memoralized in a November 6, 2001, entry, revoked appellant's community control and sentenced appellant to a determinate eight month prison term. At the November 1, 2001, hearing, the trial court made the following findings on the record in revoking appellant's community control and sentencing appellant to prison:
 {¶ 8} . . . It has been the standard practice of this Court that for individuals who are terminated from the program for failure to abide by it, are sent to state institutions for period of eight months is my normal sentence.
 {¶ 9} On the 29th [of October] Mr. Howell came in front of me and at that point in time individuals from the Quest organization also came into the pretrial and made representations to this Court concerning Mr. Howell.
 {¶ 10} Based upon their representations, this Court made a decision not to send Mr. Howell to prison, but to modify his community control and to send him to the Quest House Residential Program.
 {¶ 11} Subsequent to the pretrials, either Tuesday or Wednesday, the 30th, I believe — maybe it — maybe it was the 29th or 30th — I was advised that, in fact, the representations made to the Court were not accurate and, in fact, that lot of information concerning Mr. Howell was not presented to the Court. Information that had I known at the time I would not have made a decision to allow Mr. Howell to go to the Quest House. If I had been told that on three, possibly four, separate occasions, Quest representatives had asked the Drug Court representatives to give Mr. Howell a second chance and were rejected, had I known that information, then I would not have given Mr. Howell this chance to go to the Drug Court Program. Had I been given the information that I received later, my decision would have been different.
 {¶ 12} I believe that it is within the power of a Court that once they find that the information upon which they based a decision was less than accurate, that they can alter that decision, even if it means increasing the penalty of an individual. Certainly, a Court must have the authority if they at one time trusted information that is untrustworthy, that a Court is not then bound by its decision.
 {¶ 13} I find that the information given to this Court then on the 29th during the pretrial from the representatives of Quest was incorrect information, inappropriate and not completely truthful.
 {¶ 14} For that reason, the Court has brought Mr. Howell back to Court on this date and am prepared now to impose on him a sentence that this Court would have imposed had it been fully advised of the evidence and the facts on the 29th.
 {¶ 15} Transcript of November 1, 2001, hearing at 4-6.
{¶ 16} It is from the trial court's November 6, 2001, entry that appellant now prosecutes his appeal, raising the sole assignment of error:
 {¶ 17} "WHERE A COURT SENTENCES A DEFENDANT WHO HAS BEEN CONVICTED OF A FOURTH DEGREE FELONY TO COMMUNITY CONTROL, THE PRINCIPLES OF DOUBLE JEOPARDY BAR THE COURT FROM RESENTENCING THE DEFENDANT THREE DAYS LATER TO EIGHT MONTHS IN PRISON."
 I
{¶ 18} Appellant, in his sole assignment of error, argues that after appellant was placed on community control on October 29, 2001, for the offense of possession of cocaine, a fourth degree felony, principles of double jeopardy barred the trial court from re-sentencing appellant to eight months in prison three days later.
{¶ 19} At the oral argument in this matter, appellant's counsel informed this Court that appellant has completed his eight month sentence.[1] Thus, the issue for determination is whether appellant's appeal in this matter is moot.
{¶ 20} An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston, 71 Ohio St.3d 224, 1994-Ohio-109,643 N.E.2d 109, paragraph one of the syllabus. "However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction."State v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712.
{¶ 21} Since appellant, who has already served his sentence, is not challenging his underlying conviction, appellant's assignment of error is moot. The appeal from the judgment of the Stark County Court of Common Pleas is dismissed. See, for example, State v. Yopp, Ashtabula App. No. 2001-A-0039, 2002-Ohio-2073.
By EDWARDS, J. FARMER, J. and WISE, J. concur
 JUDGMENT ENTRY
{¶ 22} For the reasons stated in the Memorandum-Opinion on file, the appeal from the Stark County Court of Common Pleas is dismissed. Costs to appellant.
[1] In fact, appellant was physically present at the oral argument.